DENNIS R. BAGNERIS, SR., Judge.
|! This appeal involves the succession of the estate of the decedent, Andrew Forster Clemetson (“Forster-Clemetson”).
Appellants, Claudia Clemetson Booth and Charles Clemetson, the decedent’s siblings, appeal the ex parte judgment of possession and the amended ex parte judgment of possession (collectively, “the judgments”) which placed petitioner/appellee, Thomas Forrest Thurston, “and all other legatees and heirs” into possession of Forster-Clemetson’s estate. For the reasons that follow, we vacate the judgments and remand to the trial court for further proceedings consistent with this opinion.

FACTS/PROCEDURAL HISTORY

On December 13, 2013, Thurston filed an ex parte “Petition For Probate Of Foreign Will And For Possession.” The petition represented in part that the decedent, Forster-Clemetson, died on November 26, 2013; was domiciled in Orleans Parish; never married; had no children, by birth or adoption; that the decedent was not adopted; and that Thurston was his life partner. The petition also ^contended that Forster-Clemetson left a Last Will & Testament dated November 25, 2013. The will purportedly was executed in the State of Pennsylvania “according to all formalities of La. Civ.Code art. 1577 and La. Civ.Code art. 1578, in which the testator knew how to sign his name but was unable to provide his normal legible signature because of physical infirmity and, instead, ‘made his mark,’ witnessed by two disinterested persons of the age of majority and domiciled in the State of Pennsylvania, as well as a Notary Public licensed in the State of Pennsylvania.” The petition added that the decedent appointed Thurston, his life partner, as his personal representative to settle or administer the succession of decedent’s estate pursuant to the will. Thurston prayed in the petition that the will be probated and that he “as well as other legatees expressly named or referred to in the will, be recognized as owners and placed into possession of all of the property of the decedent situated in Orleans, Parish,, Louisiana; and for all other general and equitable relief.” Attached to the petition was a descriptive list of assets and liabilities, along with a copy of the will.
On December 17, 2013, the trial court signed an ex parte judgment of possession that placed Thurston and “all other legatees and heirs of the decedent” (hereinafter, collectively referenced as “Thurston”) into possession of all of the decedent’s property situated in Orleans Parish. In general, the properties included several lots of ground, automobiles, business assets, bank accounts, and the decedent’s *376 interest in a pending lawsuit.[1] An amended judgment of possession was signed on January 15, 2014 that also placed Thurston into possession of properties that were erroneously omitted from the original judgment.[2]
|sOn February 14, 2014, the appellants filed the present appeal.

DISCUSSION

The appellants argue that the trial court contravened La. C.C.P. art. 8061(A)[3] in signing the ex parte judgments of possession because an examination of the petition for possession 'and record shows that Thurston was not entitled to the relief as prayed for in his petition. In support, they maintain that Thurston’s petition did not comply with the prerequisites to send legatees into possession without administration pursuant to La. C.C.P. art. 3031(A); and did not comport with the requirements to send intestate heirs into possession without administration as mandated by La. C.C.P. art. 3001(A). The appellants also contend that the probated will is absolutely null for lack of proper form on its face and as judicially confessed in the petition.
With reference to their arguments that Thurston’s petition for possession did not comply with the requirements to send legatees or intestate heirs into possession ■without administration, the appellants rely on La. C.C.P. art. 3031(A) and La. C.C.P. art. 3001(A).
La. C.C.P. art. 3031(A) provides that:
A. When a testament has been probated or given the effect of probate, and subject to the provision of Article 3033, the court may send all of the legatees into possession of their respective legacies without an administration of the succession, on the ex parte petition of all of the general and universal legatees, if each of them is either competent or is acting through a qualified legal representative, and each of them accepts the succession, and none of the creditors of the succession has demanded its administration; and .
|4La. C.C.P. art. 3001(A) states in part that:
A. The heirs of an intestate decedent shall be recognized by the court, and sent into possession of his property without an administration of the succession, on the ex parte petition of all of the heirs, when all of, them are competent and accept the possession, and the succession is relatively free of debt.
In applying these articles to the present matter, the appellants show that Thur-ston’s petition for possession names only Thurston as a legatee. However, they note that the will made particular bequests of specific items to certain parties, not just to Thurston. Consequently, Thurston is not a universal legatee and the bequests are not universal legacies. As a result, they argue that pursuant to Art. 3031(A), Thurston alone cannot accept the legacies on behalf of all of the general and universal legatees in order to be placed into possession without administration; nor can he accept for all the legatees under Art. 3001(A) in the event the decedent is deemed to have died intestate.
*377 This Court agrees with the appellants. Moreover, the appellee, Thurston, concedes that the judgment should be vacated and remanded to the trial court because his petition was not in compliance with Articles 3031(A) and 3001(A) of the Louisiana Code of Civil Procedure.
Having determined that the judgments should be vacated pretermits any discussion of the appellants’ claim that the will should be declared an absolute nullity.
Wherefore, based on the foregoing reasons, the judgments of the trial court placing Thurston into possession are vacated and the matter is remanded for further proceedings.
VACATED AND REMANDED.

. A detailed description of the properties is outlined in the amended judgment.

. Art. 3061. Judgment rendered and signed immediately
A. The court shall render and sign immediately a judgment of possession, if it finds from an examination, of the petition for possession, and from the record of the proceeding that the petitioners are entitled to the relief prayed for.